Dear Representative Ross,
¶ 0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:
1. Does either the Oklahoma Open Meeting Act or theFirst Amendment to the United States Constitution require that publicbodies, such as city councils, afford interested citizens anopportunity to present their views on matters being consideredduring the public body's open meeting?
 2. If a governmental entity, such as a city council, affordscitizens an opportunity to present their views on matters beingconsidered by that public body at its open meeting, whatrestriction can the public body place upon citizens who choose toexpress their views?
 I. Oklahoma's Open Meeting Act Does Not Require That Public Bodies, Such as City Councils, Afford Citizens a Right to be Heard at Meetings Conducted Under the Act.
¶ 1 The Oklahoma Open Meeting Act, 25 O.S. 1991 and Supp.1998, §§ 301-314 ("the Act"), generally requires that all meetings of public bodies coming under the Act be held at specific times and places "which are convenient to the public" and which "shall be open to the public." 25 O.S. 1991, § 303[25-303].
Such open meetings must be preceded by advance public notice specifying the time and place of each meeting. Id.; 25 O.S.Supp. 1998, § 311[25-311]. Additionally, the Open Meeting Act requires advance public written notice and posting of an agenda to be considered by the public body at its open meeting. Id. In short, the Open Meeting Act generally requires that public bodies, which come under the Act, hold meetings open to the public with advance public notice of the time and place of the meetings and the matters to be considered on the agendas.
¶ 2 The Oklahoma Open Meeting Act, however, nowhere provides for or guarantees citizens a right to participate in the governmental decisions being made at an open meeting. Rather, the purpose of the Act is to "encourage and facilitate an informed citizenry's understanding of the governmental process and governmental problems." 25 O.S. 1991, § 302[25-302]. The Act is designed to enable citizens to be present and view the workings of government at open meetings, but does not require that citizens become participants at an open meeting or that they have a right to be heard at an open meeting.
 II. The First Amendment to the United States Constitution Does Not Grant the Members of the General Public a Right to be Heard by Public Bodies Making Public Decisions Before Any Policy is Adopted.
¶ 3 The First Amendment to the United States Constitution does not grant members of the general public a right to be heard by public bodies making public policy decisions. As the United States Supreme Court held in Minnesota Board for CommunityColleges v. Knight, 465 U.S. 271 (1984):
 Policymaking organs in our system of government have never operated under a constitutional constraint requiring them to afford every interested member of the public an opportunity to present testimony before any policy is adopted. Legislatures throughout the Nation, including Congress, frequently enact bills on which no hearings have been held or on which testimony has been received from only a select group. . . . Public officials at all levels of government daily make policy decisions based only on the advice they decide they need and choose to hear. To recognize a constitutional right to participate directly in government policy-making would work a revolution in existing government practices.
465 U.S. at 284 (emphasis added).
¶ 4 The Supreme Court then went on to conclude that:
 Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues. . . . It is inherent in a republican form of government that direct public participation in government policymaking is limited. See The Federalist No. 10 (J. Madison). Disagreement with public policy and disapproval of officials' responsiveness, as Justice Holmes suggested in Bi-Metallic, supra, is to be registered principally at the polls.
465 U.S. at 285 (emphasis added).
¶ 5 The holdings of the United States Supreme Court make it clear that the First Amendment rights to speak, associate and petition do not require public bodies to afford citizens an opportunity to express their views on issues being considered by the public bodies.
 III. When Public Bodies Voluntarily Establish Open Forums, They May Impose Reasonable Time, Place and Manner Restrictions.
¶ 6 While public bodies are under no requirement to provide an open forum for citizens to express their views on issues being considered by the public body, many public bodies nevertheless voluntarily provide such forums. For example, as suggested by the materials attached to your opinion request, a city council within your district has created, as part of its agenda at each city council meeting, a "Public Comment portion of the Council Agenda." The "Public Comment" portion of the agenda appears to be designed to give citizens an opportunity "to raise new issues before the City Council on matters affecting the City." As the guidelines for the "Public Comment" portion of the agenda indicate, it is "not intended to simply provide free access to television or other media." Instructions on the use of this time ask that citizens "[p]lease address your comments to the Councilors, not the media," and "[p]lease do not use Public Comment for political platforms, or religious or commercial commentary. It is not appropriate for speakers to announce meetings or special events." The guidelines also provide that "[s]peakers will be provided up to five minutes to express their issue, although the Chair has the authority to reduce or extend this timeframe."
¶ 7 As the United States Supreme Court recognized in PerryEducation Association v. Perry Local Educators' Association,460 U.S. 37 (1983) the Constitution forbids a state "to enforce certain exclusions from a forum generally open to the public even if it was not required to create the forum in the first place."Id. at 45. Recognizing that while the state is not required to indefinitely retain the open character of any facility "as long as it does so it is bound by the same standards as apply in a traditional public forum. Reasonable time, place and mannerregulations are permissible, and a content-based prohibition mustbe narrowly drawn to effectuate a compelling state interest."Id. at 46 (emphasis added).
¶ 8 The United States Supreme Court's teachings, as illustrated by the above-referenced cases, is that there is noFirst Amendment right on the part of members of the general public to be heard or address themselves to policymaking entities of the government, and that there is no constitutional right to participate directly in government policy making.
¶ 9 When, however, a public body creates an open forum, it may only impose reasonable time, place and manner restrictions on expression which are content-neutral. Any content-based prohibition must be narrowly drawn to effectuate a compelling state interest. Whether any particular regulation imposed by a governmental entity providing such a forum is a reasonable time, place and manner restriction, must be decided as a mixed question of fact and law, on a case-by-case basis. Accordingly, it is not possible to issue an Attorney General Opinion addressing such matters. In any event, however, the general First Amendment principles outlined above would apply.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Oklahoma Open Meeting Act, 25 O.S. 1991 and Supp.1998, §§ 301-314, generally requires that public bodies, whichcome under the Act, hold meetings open to the public with advancepublic notice of the time and place of the meeting and thematters to be considered on the agenda. The Open Meeting Act doeshowever, not provide for or guarantee citizens the right toparticipate in the governmental decisions being made at an openmeeting, nor a right to express their views on the issues beingconsidered at the meeting.
 2. The rights to speak, associate and petition guaranteed bythe First Amendment to the United States Constitution do notrequire that government policymakers listen to or respond toindividual communications on public issues, or that interestedmembers of the public be afforded an opportunity to present theirviews on the matters being considered by the governmentpolicymakers.
 3. When a public body voluntarily establishes an open forum,it may establish reasonable time, place and manner restrictions.Any content-based restriction must be narrowly drawn toeffectuate a compelling governmental interest. Whether anyparticular time, place or manner restriction is reasonable andpermissible is a question of fact, which courts consider on acase-by-case basis.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL